IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ETHNIX GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:24-cv-00184 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| JIMINEZ DISTRIBUTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Jiminez Distributors, Inc.'s Motion to Dismiss. (Doc. No. 9), which is fully briefed. (*See* Doc. Nos. 9-1, 12, 13). For the reasons stated herein, the Motion is **DENIED**.

### I. BACKGROUND

The Complaint alleges that Plaintiff Ethnix Group, LLC ("Ethnix") and Defendant Jiminez Distributors, Inc. ("Jiminez") entered into a purchase agreement whereby Jiminez would purchase approximately 17,000 pounds of cheese from Ethnix for $157,680.00. (Complaint, Doc. No. 1, ¶¶ 8-15). Ethnix, in turn, ordered the cheese from the producer in Mexico ("Mexican Cheese") for a cost of $122,666.40, and paid Mexican Cheese for the order. (*Id*. ¶¶ 16-17). Because of delays in delivering the cheese, Ethnix authorized Mexican Cheese to deliver the product directly to Jiminez. (*Id*. ¶¶ 18-19). Shortly after the delivery was complete, Jiminez informed Ethnix that Mexican Cheese told Jiminez to tender payment to Mexican Cheese instead of Plaintiff. (*Id*. ¶¶ 22-23). Ethnix claims it never authorized Jiminez to submit payment to Mexican Cheese and brings the

instant lawsuit against Jiminez seeking recovery of amounts owed under the contract or, in the alternative, for unjust enrichment.[1] (*Id*. ¶¶ 24-34).

Jiminez seeks dismissal of this lawsuit on grounds that it already paid the manufacturer directly for the cheese and, notwithstanding the terms of its agreement, should not also be required to pay Ethnix. (Doc. No. 9-1). Nor is Ethnix, which is seeking recovery from the manufacturer in a separately filed lawsuit in the United States District Court for the Northern District of Illinois, entitled to a windfall recovery from both Jiminez and Mexican Cheese. (*Id*.).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the

---

[1] Despite the allegation that Mexican Cheese received payment to which Ethnix is entitled, Mexican Cheese is not currently a party to this lawsuit. However, the same day Plaintiff filed this lawsuit against Jiminez, it filed a lawsuit in the United States District Court for the Northern District of Illinois against Mexican Cheese, seeking recovery of amounts owed concerning the sale and delivery of cheese to Jiminez. *Ethnix Group, LLC v. Mexican Cheese Distributors Sa De CV*, Case No. 1:24-cv-1335 (N.D. Ill., Feb. 16, 2024). The complaint from that action is filed in this case as Exhibit 1 in support of Defendant's Motion to Dismiss. (*See* Doc. No. 10).

2

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). The court takes judicial notice of the proceeding in the Northern District of Illinois, which is a matter of public record. *See Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 457 (6th Cir. 2022) (explaining that the Court "may take judicial notice of other court proceedings without converting the motion into one for summary judgment").

### III. ANALYSIS

#### A. Breach of Contract

To establish a claim for breach of contract, Plaintiff must show "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract."[2] *Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019) (citing *C&W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676-77 (Tenn. Ct. App. 2007). Generally, the party that commits the first material breach of a contract is precluded from recovering damages based on the other party's later breach of the same contract. *Greg Calfee Builders LLC v. MaGee*, 616 S.W.3d 545, 555 (Tenn. Ct. App. 2020) (citing *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 226 (Tenn. Ct. App. 2009)).

---

[2] The parties appear to agree that Tennessee law applies to Plaintiff's claims. (See Doc. Nos. 9-1, 12, 13 (relying upon Tennessee law)). Accordingly, the Court does not undertake a choice of law analysis at this time.

Jiminez argues the breach of contract claim should be dismissed because Ethnix committed the first material breach of the contract by allowing the producer to deliver the cheese directly to Jiminez where the contract provided that Ethnix would deliver the goods to Jiminez. (Doc. No. 9-1 at 5). Jiminez next argues Ethnix has not plausibly alleged a claim for breach of contract because the contract requires only that Jiminez remit payment "on delivery"; it does not require payment directly to Ethnix. (*Id*. at 6).

The Court finds Ethnix has plausibly alleged that Jiminez is liable for breach of contract for failure to pay Ethnix. Jiminez's contention that Ethnix committed the first material breach of the contract by allowing the cheese to be delivered by the producer is not appropriate for resolution at this stage of the case. *See Hodak v. Madison Capitol Mgmt*., 348 F. App'x 83, 90 (6th Cir. 2009) ("determination whether a material breach has occurred is generally a question of fact answered by weighing the consequences of the breach in light of the customs of performance attendant to similar contracts") (citing 23 Williston on Contracts § 63.3 (4th ed.)).

**B.     Unjust Enrichment**

An unjust enrichment claim has three elements: (1) a "benefit conferred upon the defendant by the plaintiff;" (2) "appreciation by the defendant of such benefit;" and (3) "acceptance of such benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of the value thereof." *Adams v. Diversicare Leasing Corp*., 2015 WL 4208779 at * 7 (W.D. Tenn. Jul. 10, 2015) (quoting *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 525 (Tenn. 2005)).

Jiminez first argues the unjust enrichment claim must be dismissed because Ethnix has pled the existence of an enforceable contract governing the subject matter. Jiminez is correct that Ethnix cannot recover on both a breach of contract and an unjust enrichment theory. *See McCarthy v.*

*Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014); *Simpson v. Bicentennial Volunteers, Inc.*, No. 01A01-9809-CV-00493, 1999 WL 430497, at *2 (Tenn. Ct. App. Jun. 29, 2009) ("A claim for unjust enrichment in Tennessee rests, in part, on the fact that the parties did not have an enforceable contract."). But the Federal Rules of Civil Procedure allow a plaintiff to plead alternative theories of recovery. *See Solo v. United Parcel Service Co.*, 819 F.3d 788, 796 (6th Cir. 2016) ("Rule 8(a)(3) permits pleadings in the alternative 'when, for instance, there is a dispute between the parties as to whether an express agreement exists.'") (quoting *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F. Supp. 3d 824, 833-34 (E.D. Mich. 2014)). Therefore, Plaintiff's allegation that there is an enforceable contract between the parties does not mandate dismissal of the unjust enrichment claim.

Defendant next argues the Complaint fails to allege facts showing that Ethnix conferred a benefit upon Jiminez or that Jiminez was unjustly enriched. (*Id*. at 7-9). Jiminez contends that any benefit conferred was conferred by the producer who manufactured and delivered the cheese, not Ethnix. And, because Jiminez paid the producer the full price for the cheese, it has not retained any benefit "without payment of the value thereof." (*Id*. at 9 (citing *Freeman Indus.*, 172 S.W.3d at 525)).

Plaintiff responds that an unjust enrichment claim requires only the conferral of "*any* benefit" upon the defendant if "the defendant's retention of the benefit would be unjust." (Doc. No. 12 at 9 (citing *Freeman Indus.*, 172 S.W.3d at 525). Plaintiff alleges that it ordered goods from the producer, caused them to be delivered to Defendant, and Defendant accepted the goods without providing any remuneration to Plaintiff. The Court finds these allegations sufficient to state a claim for unjust enrichment.

5

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. No. 9) is **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE